McLAUGHLIN GORMLEY KING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13510. Promulgated October 11, 1948.

*Dwain M. Ewing, Esq.*, for the petitioner.
*Jackson L. Boughner, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The single issue herein is whether certain pension payments made by the petitioner to the widow of its founder and for-

mer president may be deducted by it during the taxable years involved as ordinary and necessary business expense within the provisions of section 23 (a) of the Internal Revenue Code.

Payments to the widow of a deceased officer pursuant to a contract providing for a pension payable to the widow of the employee have been held deductible as ordinary and necessary expenses of the business. *Seavey* v. *Flarsheim Brokerage Co.*, 41 B. T. A. 198. But no such contract is involved in the present case, nor do we have here an established pension plan whereby the widows and dependents of the deceased officers and employees are provided with pensions. The deductibility by an employer of pension payments to employees and their dependents has nevertheless been recognized where the sums paid are in the nature of extra compensation for past services and do not exceed, when added to the salary formerly paid, reasonable compensation for services heretofore rendered. *Flood* v. *United States*, 133 Fed. (2d) 173. The lack of legal obligation to make such payments is not determinative. Moreover, it is now well established that reasonable compensation paid for services rendered in past years may be deducted as an ordinary and necessary expense under section 23 (a). *Lucas* v. *Ox Fibre Brush Co.*, 281 U. S. 115; *Taylor-Logan Co.* v. *White*, 62 Fed. (2d) 336.

Petitioner urges that the sums paid McLaughlin's widow are in recognition of the inadequate salary paid her husband during the many years he was employed by petitioner and further claims that section 29.23 (a)–9 of Regulations 111 [1] specifically recognizes the deductibility of the sums in question. The corporate resolution set forth in our findings leaves little doubt why the pension was paid, and it seems to us that the action taken was prompted more by the needs of Mrs. McLaughlin than by a belated recognition on the part of petitioner that it had not adequately compensated its former president. The petitioner is a closely held corporation. A trust established by the deceased officer, the income of which is primarily payable to his widow, held the largest block of stock. The widow's brother and sister-in-law and her son, the present president of petitioner, were the other large stockholders, and together they owned approximately 89 per cent of the total outstanding shares of the company. The corporate resolution made clear the needs of the widow and the fact that her present finan-

---

[1] SEC. 29.23 (a)–9. PENSIONS—COMPENSATION FOR INJURIES.

Amounts paid by a taxpayer for pensions to retired employees or to their families or others dependent upon them, or on account of injuries received by employees, and lump-sum amounts paid or accrued as compensation for injuries, are proper deductions as ordinary and necessary expenses. Such deductions are limited to the amount not compensated for by insurance or otherwise. When the amount of the salary of an officer or employee is paid for a limited period after his death to his widow or heirs, in recognition of the services rendered by the individual, such payments may be deducted. As to deductions for payments to employees' pension trusts, see section 23 (p).

cial distress arose largely by reason of the fact that petitioner had not for several years paid dividends on its stock. The pension was to be reduced in proportion to the dividends paid and was payable only so long as the payment did not constitute a burden on petitioner. There was no recognition of a sum certain to be paid for past services rendered by the deceased officer. It was the widow's needs, rather than a corporate obligation due the deceased officer, that the resolution emphasized.

It is argued by petitioner's counsel that the statement in the resolution that the former president was inadequately compensated must be taken as establishing that fact. *Taylor-Logan Co.* v. *White, supra.* But, even so, we do not think the resolution, worded as it was, would serve to establish that the sums paid the widow, when added to the past compensation of McLaughlin, constituted reasonable compensation for past services rendered by him as president of petitioner. The determination of the Commissioner places on the petitioner the burden of establishing the reasonableness of the total compensation. *Mobile Bar Pilots Association,* 35 B. T. A. 12; reversed on other grounds, 97 Fed. (2d) 695. Certainly, we can not find from the evidence before us what would have constituted the fair value of McLaughlin's services during the years he served as an officer of petitioner. We would have to know a great deal more about petitioner's business than is provided by the stipulated facts and oral testimony before we could determine in dollars what was an adequate salary during the past years.

It is our conclusion that, in the absence of a contract liability, an established pension policy, or a showing that such payments were for past compensation and were reasonable in amount, the payments may not be deducted under section 23 (a). We do not understand that petitioner claims that any business benefits flowed to it as a result of the payments in question.

The deficiency notice states that the "limited period" for which the petitioner could claim deductions for the payments made to Elizabeth J. McLaughlin terminated not later than November 30, 1941, 29 months after they were initiated, by virtue of section 29.23 (a)-9 of Regulations 111.

Petitioner argues that the Commissioner has no authority to discontinue the allowance of deductions upon his own determination of what constitutes a "limited period" under these regulations, and that Congress alone grants deductions and not the respondent. We think no one would deny at this late date the fact that income tax deductions are a matter of legislative grace. We think it equally true that the right to take the deductions sought by petitioner must be found in section 23 (a) and they are to be justified as ordinary and necessary expenses of carrying on a trade or business. The provision in the regulations providing that the salary of a deceased officer may be

paid to his widow for a "limited period" first appeared in Regulations 45 under the Revenue Act of 1918, and this provision has continued more or less without change in subsequent regulations. This provision was, no doubt, a recognition on the part of the Commissioner of the very general custom of business to make such payments for a reasonable time when death occurred to a faithful officer or employee, but the fundamental right to this deduction when demanded by a taxpayer must be established within the language of section 23 (a).

It is our opinion that the petitioner has failed to sustain its burden of proving its right to the deductions in issue under section 23 (a), and it follows that the determination made by the respondent must be approved.

*Decision will be entered for the respondent.*